IN THE UNITED STATES DISTRICT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RAY C. HAMMOND, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LEXINGTON COUNTY SCHOOL DISTRICT ONE, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Ray C. Hammond, Jr.by and through his attorney, Bonnie Travaglio Hunt of Hunt Law LLC, does hereby complain against the above-named defendants, Lexington County School District One as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.
2. This Action is brought pursuant to South Carolina Human Affairs Commission and the laws governing discrimination, hostile work environment, and retaliation, in South Carolina.
3. This Action is brought pursuant to the law of the Equal Employment Opportunity Commission including but not limited laws governing discrimination, hostile work environment, and retaliation, in the United States of America.
4. This Action is brought pursuant to the Statutes and Common Law of South Carolina.

5. This Action is brought pursuant to the Law of the United States of America.

## PARTIES

6. The Plaintiff, Ray C. Hammond, Jr. is an adult male individual over the age of forty and a citizen of the United States who at all times was a resident of the State of South Carolina.

7. At all relevant times to the allegation in this complaint, Mr. Hammond was an employee of the Defendant, Lexington County School District One as defined by the laws of the State of South Carolina, United States of America, South Carolina Human Affairs Laws, Equal Employment Opportunity Law, and Title VII.

8. The Defendant, Lexington County School District One, operates several facilities throughout South Carolina. That Lexington County School District One is a public entity that meets the definition of an employer pursuant to the State of South Carolina, United States of America, South Carolina Human Affairs Law, Equal Opportunity Law, and Title VII.

9. At all relevant times, the Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is an employer within the meaning of Title VII of the Civil Rights Act of 1964 42 U.S.C. Section 2000e.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 as the matter involves a federal question based on Sexual Discrimination, Hostile Work Environment, and Retaliation.

11. This Court possesses subject matter jurisdiction over Plaintiff's civil rights claims. 28 USCS Section 1343.

12. This Court further possesses subject atter jurisdiction over actions brought under Title VII of the Civil Rights Act of 1964. 42 USCS Section 2000e-5.
13. Venue is proper in this judicial district because a substantial part of the events giving rise to the claims occurred in this district.
14. Venue is also proper in this judicial district because the alleged unlawful practices were committed within the State of South Carolina, and the employment records relevant to such practices are maintained and administered in this district. 42 USCS Section 2000e-5.

**PROCEDURAL PREREQUISITES**

15. On February 26, 2026, the Plaintiff filed a formal charge of discrimination, Charge No. 426-2026-01448, with the United States Equal Employment Opportunity Commission and the South Carolina Human Affairs Commission.
16. That Mr. Hammond's Charge of Discrimination set forth the following:

    I. *That am a former employee of the Employer. That I was in education for 15 years.*

    II. *That I was considered an exemplary employee. That I won outstanding Instructor of the year in 2024, Distinguished Unit, 90+ HQ Inspection rating and met all goals. That I received a $10,000 raise for my accomplishments. That I was not disciplined during my employment.*

    III. *That on September 29, 2025, I was placed on paid Administrative Leave. That I participated in 3 separate interviews on September 29, October 7, and October 20. That the majority of the questions centered on prayer in my program and alleged sexist treatment. That the Administrative leave was pretextual.*

IV. *That during each of these interviews I was subjected to hostility and unfair treatment. That I fully participated and informed my employer that I was being subjected to defamation and discriminatory environment.*

V. *That I was determined to have not violated Title IX.*

VI. *I was placed on administrative leave for requesting student volunteers to pray before our 14 mile memorial Bataan Death March, Bus field trips and means where I provided the food.*

VII. *That I was accused of running a sexist program by the principal. That the principal was discriminatory against me based on my sex.*

VIII. *Based on suspension and false accusations by parents I lost my certification.*

IX. *That I was terminated for asking for prayers and counseling a cadet.*

X. *That I was treated differently than non-religious individuals and females.*

XI. *That I have been discriminated against based on my religion and sex in violation of Title VII.*

XII. *That I have been retaliated against for my complaints regarding discrimination in violation of Title VII.*

17. That the EEOC requested a position statement from Lexington County School District One. That on July 7, 2026, the EEOC notified the Plaintiff that a position statement had been filed by the Defendant.
18. On August 6, 2026, the Plaintiff requested the Right to Sue based on expiration of 180 days.
19. That on August 19, 2026, the EEOC referred the investigation to the Department of Justice for the issuance of the Right to Sue.

20. On August 20, 2026, the U.S. Department of Justice Civil Rights Division issued the Notice of Right to Sue.

21. That the Notice set forth the following:

> *823101-KTP*
>
> ***NOTICE OF RIGHT TO SUE WITHIN 90 DAYS***
>
> *Aug 20, 2026*
>
> *Ray Hammond*
>
> *raychammondjr@gmail.com*
>
> *Re: Ray Hammond v. LEXINGTON SCHOOL DISTRICT ONE, et al.,*
> *EEOC Charge No. 436-2026-01448*
>
> *Dear Ray Hammond,*
>
> *You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.*
>
> *Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):*
>
> - *Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.*
>
> *If you decide to file a lawsuit under the statute(s) identified above, **you must file it in the appropriate court within 90 days of receiving this Notice**. This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious. If you haven't already, you may want to consult with a private attorney of your own choosing and expense.*
>
> *If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Greenville Local Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/greenville/location.*
>
> *Sincerely,*
>
> *Complaint Referral Unit*
> *Employment Litigation Section*
> *Civil Rights Division*

22. . Not more than 90 days have passed since the issuance of the Notice of Right to Sue.

## FACTUAL BACKGROUND

23. The Plaintiff, Mr. Hammond, is a Caucasian male over the age of forty.

24. That Mr. Hammond was an employee as defined by State Law, Federal Law, and Title VII.

25. That the Defendant is an employer as defined by State Law, Federal Law, and Title VII.

26. Mr. Hammond is a retired Major in the United States Air Force.

27. In July 2024, Mr. Hammond was hired by the Defendant as an Air Force Junior ROTC Instructor at Lexington High School.

28. Mr. Hammond was an exemplary employee and educator who won the Outstanding Instructor of the Year award in 2024.

29. During Mr. Hammond's tenure, his Air Force Junior ROTC unit was recognized as a Distinguished Unit, achieved a 90+ Headquarters Inspection rating, and met all program goals.

30. In recognition of his accomplishments, Defendant increased Mr. Hammond’s salary by $10,000.

31. Mr. Hammond was regularly complimented regarding his performance and that he was much better than his predecessor.

32. Mr. Hammond is a person of deep Christian faith and serves as an elder and Sunday School teacher at Saxe Gotha Presbyterian Church.

33. In his role as an educator, Mr. Hammond demonstrated a sincere commitment to the welfare and future success of all his students, regardless of their background, and modeled honest and reliable ethical practices. Mr. Hammond counseled his cadets regularly on how to succeed.

34. Mr. Hammond occasionally asked for student volunteers to pray before physically demanding events, such as a 14-mile memorial Bataan Death March and bus field trips.

35. Mr. Hammond had requested if asking students to volunteer to pray was a violation of policy. Mr. Hammond had been informed by the School District that it was not prohibited.

36. Mr. Hammond did not force or coerce students to pray, nor did he discriminate against non-Christian students; in fact, Plaintiff selected a Muslim cadet to be the Commander of the cadet corps.

37. The Principal of Lexington High School, Jennifer McNair, held a discriminatory animus against Mr. Hammond based on his sex and his religious beliefs.

38. On September 27, 2025, Defendant received a written statement containing false allegations against Mr. Hammond, including accusations that he told female students they were going to end up pregnant and that he inappropriately imputed his religious beliefs onto students.

39. On September 29, 2025, Mr. Hammond met with Principal McNair and two Assistant Principals to discuss two concerns regarding his employment. One concern, they insinuated that he had covered up a sexual harassment incident involving his son. Mr. Hammond informed the Principal and 2 Assistant Principals this was not true as he had reported the incident to the Master Sgt. The 2nd concern was regarding 4 cadets who had been injured on two separate occasions.

40. On September 29, 2025, Defendant placed Mr. Hammond on paid administrative leave. The administrative leave was to investigate allegations of unprofessional and inappropriate conduct related to concerns shared by cadets and parents of cadets.

41. While on administrative leave, Mr. Hammond was subjected to three separate investigatory interviews by Defendant on September 29, October 7, and October 20, 2025.

42. During these interviews, the majority of the questioning centered inappropriately on prayer in Mr. Hammond's program and the false allegations of sexist treatment.

43. The interviews were conducted in a hostile manner, subjecting Mr. Hammond to severe and unfair treatment.

44. During these interviews, Mr. Hammond engaged in protected activity by expressly complaining to his employer that he was being subjected to a discriminatory and defamatory environment.

45. Defendant subsequently terminated Mr. Hammond's employment effective November 18, 2025.

46. After Mr. Hammond's termination and his subsequent application for unemployment benefits is when Mr. Hammond learned of the complaints against him by cadets. None of the complaints by the cadets were true. The complaints of the cadets were dropped by the Defendant as they were determined to not be Title IX violations. Since they were dropped as not being Title IX violations the complaints went to the Principal who targeted the Plaintiff and used them to terminate his employment in violation of the law.

47. After Mr. Hammond was terminated both female students who pursued the false allegations against Mr. Hammond was quit the program.

48. Mr. Hammond received 25 character references that pain a very different picture than that of the 2 female cadets and their parents that lied in order to facilitate Mr. Hammond's termination. The principal was well aware of the lies but used them maliciously in order to terminate Mr. Hammond because of his religion and sex.

49. Based on the lies of the Defendant, the cadets and their parents the Plaintiff's instructor certification was removed by the USAF.

50. The stated reasons for Mr. Hammond's administrative leave and subsequent termination were pretextual.

51. Mr. Hammond was targeted, investigated, and ultimately terminated because of his religious practices, his sex, and in retaliation for his complaints of discrimination.

52. As a direct and proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff lost his Air Force Junior ROTC Certification, suffered severe damage to his local reputation, and experienced a significant loss of income and employment benefits.

**FOR A FIRST CAUSE OF ACTION**
**SEX AND RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII**

53. That Paragraphs one (1) through Fifty-two (52) are hereby incorporated verbatim.

54. That Mr. Hammond was an employee of the Defendant as defined by State Law, Federal Law and Title VII.

55. That the Defendant is an employer in accordance with State and Federal Law, Title VII and South Carolina Human Affairs Laws.

56. That the Defendant targeted and subjected Mr. Hammond to sex and religious discrimination when they terminated his employment based on his sex and religion.

57. The Defendant further discriminated against Mr. Hammond by not treating him fairly or the same as it treated his non-religious female counterparts.

58. While employed with the Defendant, Mr. Hammond performed his job duties to a satisfactory level of the Defendant. Mr. Hammond received a satisfactory on his annual AFJROTC Instructor Evaluation Report Form 98.

59. The Principal and female cadets were permitted to make false statements regarding Mr. Hammond defaming him in the school and the community.

60. That Mr. Hammond's employer discriminated against him based on his sex and religion.

61. That the Defendant is the proximate and direct cause of damage to Mr. Hammond.

62. That Mr. Hammond has suffered severe emotional and career damages as a result of the Defendant's discrimination against Mr. Hammond.

63. That in discriminating against Mr. Hammond based on consideration, or in consideration of his sex, the Defendants violated 42 U.S.C. 2000e, et seq. Title VII.

64. That as a direct result of the Defendants' violation of Title VII Mr. Hammond has suffered:

    a. Economic damages from the loss of his position;

    b. Loss of benefits associated with loss of his position;

    c. Lost of future wages, economic damages and benefits;

    d. Economic hardship;

    e. Suffered anxiety, humiliation and emotional damages.

65. That Mr. Hammond is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

**FOR A SECOND CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT IN**
**VIOLATION OF TITLE VII**

66. That Paragraphs one (1) through sixty-five (65) are hereby incorporated verbatim.

67. The Defendant is an employer as defined in Title VII.

68. That Mr. Hammond is an employee as defined by Title VII.

69. That Mr. Hammond's work environment was abusive, to the point of severe and pervasive.

70. Mr. Hammond was subjected to sexual discrimination, religious discrimination, retaliatory hostile work environment and hostile work environment in violation of the law.

71. That the Principal and others were permitted to harass Mr. Hammond regarding his religion in violation of the law.

72. That the Principal and others were permitted to harass Mr. Hammond regarding his sex in violation of the law.

73. That Mr. Hammond was treated differently than female employees and subjected to unwarranted harassment and hostile work environment whereas other female employees were not subjected to the same.

74. That the Defendant had policies and procedures but failed and refused to follow those procedures.

75. That at no time did the Defendant, by and through its executive properly handle the work environment and in fact created a significantly severe and pervasive work environment based on Mr. Hammond's sex, male, and Mr. Hammond's religion.

76. That the Defendant treated Mr. Hammond differently based on his sex, and religion when they failed to treat him fairly, conduct an accurate investigation and failed to protect him from the Principal's targeting.

77. That the Defendant failed and refused to address the situation.

78. That Mr. Hammond suffered severe emotional distress as a result of the Defendant hostile work environment based on his sex, and religion.

79. That Mr. Hammond further suffered from a retaliatory hostile work environment as a result of his complaints regarding discrimination, hostile work environment, and retaliation.

80. That Mr. Hammond's severe emotional distress was foreseeable as a result of the severe and pervasive work environment.

81. That Mr. Hammond's reputation has been damaged as a result of the Defendant's work environment and false statements published to others.

82. That the Defendant is the direct and proximate cause of damage to Mr. Hammond.

83. That Mr. Hammond is entitled to actual, compensatory, and consequential, damages from the Defendant as a result of the hostile work environment.

84. That Mr. Hammond is entitled to actual damages, lost wages and benefits, future lost wages and benefits, emotional damages, attorney's fees and costs from the Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

a. Accept jurisdiction over this matter, including the pendent claim;

b. Empanel a jury to hear and decide all questions of fact;

c. Award all damages available to Mr. Hammond pursuant to the law of Title VII for discrimination, and harassment;

d. Award to plaintiff all consequential and compensatory damages against the defendants jointly and severally;

e. Award Mr. Hammond any and all damages against the all Defendants for their illegal actions against him including actual, consequential, compensatory, and punitive damages pursuant to the Common Law of the State of South Carolina;

f. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter; Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff;

g. Award all other damages permitted by Federal and State Law;

h. Enter any other order the interests of justice and equity require.

Respectfully Submitted,

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt

Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for Mr. Hammond
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

Dated: October 23, 2026